# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

FILED OCT 1 7 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JAMES MORGAN, )
    Plaintiff, )
     )
vs. ) No.  01 C 3871
     ) Judge Gottschall
BILL KAY CHRYSLER PLYMOUTH, )
    Defendant. )

DOCKETED OCT 29 2003

## NOTICE OF MOTION

To:   Mr. Stuart D. Gordon
      Zukowski, Rogers, Flood & McArdle
      One North LaSalle Street
      45th. Floor
      Chicago, Illinois 60602

On __10-29__, 2003, at __9:30__, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Gottschall or any judge sitting in his stead, in Room 1919, the courtroom usually occupied by him in the Federal Dirksen Building at 219 S. Dearborn Street, Chicago, Illinois, and present a copy of **Plaintiff's Motion to Reconsider**, a copy of which is attached hereto and herewith served upon you.

By: _____
      Attorney for Plaintiff

**Name:**   Krohn & Moss, Ltd.
**Attorney for:**   Plaintiff
**Address:**   120 W. Madison, 10th Floor
**City:**   Chicago, Illinois 60602
**Telephone:**   (312) 578-9428

## PROOF OF SERVICE

The undersigned attorney for Plaintiff certifies that this notice was served by mailing it to the above named party at the above referenced address on October _17_, 2003, before 5:00 p.m. from 120 West Madison, Chicago, Illinois 60602, in an envelope with first class postage prepaid thereon.

By: _____
      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
OCT 17 2003
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

JAMES MORGAN, )
    Plaintiff, )
)
vs. ) No. 01 C 3871
) Judge Gottschall
BILL KAY CHRYSLER PLYMOUTH, )
    Defendant. )

DOCKETED
OCT 29 2003

## MOTION TO RECONSIDER

NOW COMES the Plaintiff, JAMES MORGAN, by and through his attorneys, KROHN & MOSS, LTD., and hereby moves this Honorable Court to reconsider its award to Plaintiff reasonable attorneys fees against Defendant, BILL KAY CHRYSLER PLYMOUTH ("Defendant"). In support thereof, Plaintiff states as follows:

1. On May 24, 2001, Plaintiff filed his original complaint against Defendant and subsequently filed an amended complaint on October 12, 2001, for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and common law fraud in connection with Plaintiff's purchase of a used 1997 Chrysler Sebring ("Sebring").

2. On September 24, 2002, Plaintiff and Defendant commenced arbitration in front of the Better Business Bureau of Illinois. The result was an award in favor of the Plaintiff.

3. On September 18, 2003, this Honorable Court entered an award for attorneys' fees to Plaintiff in the amount of $1,705.00.

4. In coming to this conclusion, the court cited 815 ILCS 505/10a as a basis for the limitation of fees to this amount. See Opinion at p.4.



5.  In <u>Allen v. Woodfield Chevrolet, Inc.</u>, 2002 WL 1402017, No.1-01-3131 (Ill.App. 1st Dist., June 28, 2002), the court examined a case in which the plaintiff did not send a notice letter to a car dealership prior to filing a CFDBPA claim, as was required under 815 ILCS 505/10a(h). In examining the constitutionality of the notice letter requirement, the court looked at the 1993 and 1996 amendments to the CFDBPA as a whole. The court held that because the Illinois Constitution's "special legislation" clause forbids the passing of a special or local law, when a general law can be made applicable, the requirement of requiring proof of public injury for a CFDBPA claim, applying only to a claim **against a car dealership,** was special legislation forbidden by the constitution. <u>Id.</u> (Unpaginated; please see pp.5 and 7) of the attached copy of the case, at Exhibit B). Therefore, Defendant's allegation that Plaintiff's CFDBPA claim must be dismissed due to failure to show proof of a public injury has absolutely no basis in law, as the notice requirement has been held to be unconstitutional.

6.  If this Honorable Court bases the reduction in fees in any way upon this statute, then plaintiff wishes to point out that this statute has no legal effect, and any decision based upon this statute is prejudicial in that the statute has been deemed unconstitutional.

Respectfully submitted,
**JAMES MORGAN**

By:_____
Attorney for Plaintiff

Krohn & Moss, Ltd.
Attorney for Plaintiff
120 W. Madison St., 10th Floor
(312) 578-9428
Atty ID 33599

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 3871 |
| v. | ) | |
| | ) | |
| BILL KAY CHRYSLER PLYMOUTH, | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff James Morgan sued defendant Bill Kay Chrysler Plymouth ("Bill Kay"), alleging violations of the Federal Odometer Requirements Act ("Odometer Act"), 49 U.S.C. § 37210, the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS § 505/2, *et seq.*, and common law fraud. On July 17, 2002, after finding that the parties were bound by a valid arbitration agreement, the court stayed this matter pending arbitration. At arbitration, Morgan prevailed and was awarded $1,545.00 in damages. Now before the court is Morgan's motion for attorney's fees, which is granted in part.[1]

### Background

In January 2001, Morgan purchased a used Chrysler Sebring from Bill Kay, which Bill Kay had purchased at an auction. The auction house had represented to Bill Kay that the car's odometer reading was accurate; Bill Kay, in turn, certified that the odometer reading as accurate

---

[1] Although Morgan's notice of motion states that it is a motion to confer judgment and for attorney's fees, the motion itself makes no request for the court to confer judgment (presumably because Bill Kay has already paid the amount awarded by the arbitrator).

when it sold the Sebring to Morgan. Morgan, however, subsequently discovered that the odometer reading was off by nearly 24,000 miles: when the odometer read 37,500, the vehicle's internal computer showed the mileage was more than 61,000. Before commencing litigation, Morgan sent Bill Kay a written notice of the violation and demanded compensation. Bill Kay offered to pay Morgan $2,000, plus $1,000 for attorneys' fees. Morgan rejected the offer and commenced litigation a few days later. After prevailing at arbitration, Morgan now asks the court to award $7,637.50 in attorney's fees.

## Analysis

Morgan contends that because he prevailed at arbitration, he should be awarded fees under the Consumer Fraud Act. Fees may be awarded only when by provided by statute or a contract between the parties. *Cruz v. Northwestern Chrysler Plymouth Sales, Inc.*, 674 N.E.2d 871, 872 (Ill. App. Ct. 1996). Attorney's fees may be awarded to the prevailing party in a consumer fraud action, in the court's discretion. 815 ILCS § 505/10a(c); *Kleczek v. Jorgensen*, 767 N.E.2d 913, 921 (Ill. App. Ct. 2002). Relying on *Cruz*, Bill Kay opposes a fee award, arguing that there is no legal basis to award fees because the arbitrator made no finding that Morgan was a prevailing party under the Consumer Fraud Act. That argument is misplaced. In *Cruz*, the plaintiff proceeded on three causes of action, one of which did not provide for attorney's fees. Because the arbitration award did not specify on which count the award was based, and because "[a]ny individual count of the complaint could support the arbitrators' entire award" (including the count which did not allow for a fee award), the appellate court reversed the

2

trial court's decision to award fees.[2] *Cruz*, 674 N.E.2d at 872. In contrast, although the arbitrator did not specify that Morgan prevailed on his consumer fraud count, the court can properly make that inference here. As Bill Kay points out, the arbitrator made no finding that Bill Kay acted with an intent to defraud. Intent to defraud is an element of both the Odometer Act claim and the common law fraud claim, but not the Consumer Fraud Act claim. *See Dobosz v. Barrington Dodge, Inc.*, No. 01 C 3394, 2002 WL 31248505, at * 2 (N.D. Ill. Oct. 7, 2002) (Odometer Act); *Capiccioni v. Brennan Naperville, Inc.*, 791 N.E.2d 553, 558 (Ill. App. Ct. 2003) (common law fraud); *Check v. Clifford Chrysler-Plymouth of Buffalo Grove, Inc.*, No. 1-01-4095, 2003 WL 21373149, at *8 (Ill. App. Ct. Sept. 3, 2003) (Consumer Fraud Act). Thus, the court may infer that the arbitrator based the award on the Consumer Fraud Act claim.[3]

The issue therefore is not whether the court may award fees to Morgan, but whether it should exercise its discretion to do so. Morgan seeks $7,637.50 in attorney's fees, most of which he is statutorily barred from recovering. Under the Consumer Fraud Act, a prospective plaintiff is required to serve written notice of the alleged violation and demand relief from the prospective defendant at least 30 days before filing suit. 815 ILCS § 505/10a(h). If the prospective

---

[2]Notably, if the court could not ascertain which count supported the arbitration award, the court could resubmit the award to the arbitrator for clarification. The *Cruz* court could not do so only because the arbitration at issue was a court-annexed mandatory arbitration rather than a proceeding under the Uniform Arbitration Act. *Cruz*, 674 N.E.2d at 873.

[3]Arbitrators are not required to state reasons for their awards. *Cruz*, 674 N.E.2d at 873. Even if the arbitrator had found an intent to defraud, however, the court would have discretion to award fees. In that event, the facts would support a violation of the Odometer Act, which explicitly provides for attorney's fees. Likewise, if the facts supported a finding of common law fraud, the facts would also necessarily support a violation of the Consumer Fraud Act (as long as the fraud occurred in the conduct of commerce or trade). *Kleczek*, 767 N.E.2d at 922.

3

defendant makes a settlement offer that is rejected by the prospective plaintiff, "the court *shall deny* any award of attorney's fees and costs requested by the party seeking relief under this Act incurred after the rejection of the written offer of settlement, if the judgment is less than the amount contained within the offer of settlement." *Id.* (emphasis added). Bill Kay offered Morgan $2,000 in damages (not to mention $1,000 in attorney's fees) after receiving Morgan's notice and demand for relief. Morgan recovered less than that amount at arbitration, so he cannot recover any fees incurred after he rejected the settlement offer in May 2001.[4]

Of the 40.4 hours in attorney time and 2.3 hours of paralegal time for which Morgan seeks reimbursement, only 8.5 hours of attorney time and 1 hour of paralegal time were incurred between opening the case file on March 19th and rejecting the settlement offer on May 23rd. Only 22% of the time for which Morgan seeks compensation is even potentially recoverable.

Of that 9.5 hours, only time relating to the Consumer Fraud Act claim is compensable. Morgan does not specify in his fee petition whether the time billed relates to that claim, but the amounts of time in question are small and the three claims involved were largely overlapping. *See Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 677 N.E.2d 976, 979 (Ill. App. Ct. 1997) (no need to differentiate where counts are "inextricably intertwined"). Having reviewed the time entries, the court does not find them excessive. However, Bill Kay need not pay for the 0.4 hours spent by Morgan's attorney to open the file in the database. Morgan is therefore

---

[4]The bar imposed by the Consumer Fraud Act applies when the settlement offer is rejected in writing. 815 ILCS § 505/10a(h). It appears that Morgan's rejection was in writing (prepared on May 23, 2001, according to the fee petition). Even if Morgan's rejection was not in writing, however, the court would reach the same result in the exercise of its discretion.

4

awarded $1,705 in attorney's fees.[5]

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: September 18, 2003

---

[5] 8.1 x $200 = $1,620 for attorney time; 1.0 x $85 = $85 in paralegal time; $1,620 + $85 = $1,705.