# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3871 | **DATE** | 12/5/2003 |
| **CASE TITLE** | James Morgan vs. Bill Kay Chrysler Plymouth | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion to reconsider the award of attorney's fees

**DOCKET ENTRY:**

| (1)  | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2)  | ☐ | Brief in support of motion due _____. |
| (3)  | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4)  | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5)  | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6)  | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7)  | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8)  | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9)  | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] For the reasons stated on the reverse side of this minute order, plaintiff's motion to reconsider the award of attorney's fees [25-1] is denied. |
| (11) | ■ | [For further detail see order on the reverse side of the original minute order.] |

Reverse Side of 12/5/03 Minute Order
01 C 3871
James Morgan v. Bill Kay Chrysler Plymouth

In its order of September 19, 2003, the court awarded plaintiff James Morgan $1,705 in attorneys fees after plaintiff prevailed at arbitration on his claim that defendant sold him a car with a fraudulent odometer reading. Plaintiff now asks the court to reconsider its award to the extent that any part of it was based on the written notice requirement of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"), 815 ILCS § 505/10a(h), as plaintiff asserts that at least one Illinois court has held that portion of the Consumer Fraud Act unconstitutional. *See Allen V. Woodfield Chevrolet, Inc.*, No. 1-01-3131, 2002 WL 1402017 (Ill. App. Ct. June 28, 2002). A review of this court's original order, however, reveals that the court did not rely on the Consumer Fraud Act's written notice requirement in calculating plaintiff's fee award. In fact, the court in footnote 4 specifically stated that it would, in exercising its discretion to award fees under the Act, reach the same result whether the communications between plaintiff and defendant were in writing or not. Plaintiff has advanced no other reasons for the court to reconsider its award, and the court finds none of its own; plaintiff's motion to reconsider is therefore denied.